IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JERMAINE TYREE JONHSON, #208497, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:20-CV-688-RAH |
| ) | (WO) |
| ) | |
| ALA. DEPT. CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, a state inmate incarcerated at the Easterling Correctional Facility, filed this 42 U.S.C. § 1983 action but did not file the applicable filing or administrative fees nor did he submit an original affidavit in support of a motion for leave to proceed *in forma pauperis* with the requisite documentation from the inmate account clerk at Easterling. Since the documents submitted by Plaintiff failed to provide the information necessary for a determination of whether Plaintiff should be allowed to proceed without prepayment of the filing fee or an initial partial filing fee in this cause of action, the court ordered that on or before September 23, 2020, he "file either the appropriate affidavit in support of a motion for leave to proceed *in forma pauperis* **accompanied by a prison account statement from the account clerk at Easterling** showing the average monthly balance in plaintiff's prison account for the 6-month period immediately preceding the filing of this complaint and the average monthly deposits to plaintiff's account during the same period of time *or*, if he does not seek *in forma pauperis* treatment, the $400 filing/administrative fees." Doc. 2 at

1. The court "cautioned [Plaintiff] that if he fails to comply with this order the Magistrate Judge will recommend that this case be dismissed." Doc. 2 at 2. As of the present date, which is well past the date a response was due, Plaintiff has not provided the court with either an *in forma pauperis* application and appropriate financial information or the filing and administrative fees.

The foregoing reflects Plaintiff's lack of interest in the continued prosecution of this case. Moreover, this action cannot properly proceed absent Plaintiff's participation in the proceedings. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failure to file necessary financial information or requisite fees as ordered by this court.

On or before **October 19, 2020**, Plaintiff may file objections to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 5th day of October, 2020.

/s/ Charles S. Coody
UNITED STATES MAGISTRATE JUDGE